1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witness

5

6

7

8                          **United States District Court**

9                          **Southern District of California**

10                              (Hon. Peter C. Lewis)

11  UNITED STATES OF AMERICA,          )    Criminal Case No. 08CR1278DMS(PCL)
                                       )
12       Plaintiff,                    )    **Material Witness' Memorandum Of**
                                       )    **Points And Authorities In Support Of**
13       v.                            )    **His Motion For A Videotaped Deposition**
                                       )    **And Release From Custody**
14  WILLIAM NAVARRO, and               )
    ENRIQUE GOMEZ,                     )    Date:  May 13, 2008
15                                     )    Time:  1:30 p.m.
         Defendants.                   )    Judge: Peter C. Lewis
16  _____  )    Room: El Centro

17

18

19

20       Material witness Jorge Arrellano-Casillas [the "Material Witness"], by and through his counsel,

21  attorney Ned Lynch, submit this memorandum of points and authorities in support of his motion to

22  take his videotaped deposition and thereafter be released from custody.

23                                **Case Overview**

24       On April 11, 2008 the Material Witness was detained in the Southern District of California

25  in relation to the charges brought against Defendants William Navarro and Enrique Gomez for

26  violating 8 U.S.C. § 1324 by attempting to smuggle the Material Witness into the U.S. illegally as

27  an undocumented alien.  The Material Witness is allegedly being detained as material witness under

28  18 U.S.C. § 3144.

                                                                          Page 1 of  8

1        The Material Witness has been unable to arrange for his release on bail, and by the time this

2 motion will be heard he will have been in custody for nearly 5 weeks.  However, it is unnecessary

3 to detain the Material Witness further.  The testimony of the Material Witness can be preserved by

4 a videotaped deposition.  The Material Witness therefore requests the court that his testimony be

5 preserved by videotaped deposition and that he be released immediately thereafter from the custody

6 of the U.S. Marshal for return to his home country.

7        **The Testimony Of The Material Witness Can Be Secured By Videotaped Deposition,**

8        **And There Is No Compelling Reason To Keep Her In Custody**

9        Title 18, section 3144 of the United States Code provides:

10        "No material witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to

11        prevent a failure of justice."

12        Depositions of material witnesses may be used at trial in criminal cases, so it is only in

13 exceptional circumstances, where the interests of justice will be denied, that a videotaped deposition

14 is not appropriate.  [See IIRIRA § 219 (admissibility of videotape depositions); see also, United

15 States v. King 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966).]  The defendant may be

16 present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine

17 the witness.  The videotape provides a sufficient indicia of reliability to afford the trier of fact a

18 satisfactory basis for evaluating the truth of a statement.  [Dutton v. Evans, 400 U.S. 74, 89 (1970).]

19        The burden is on the objecting party to show that the use of deposition testimony will deny

20 defendant a fair trial and that live testimony would somehow be significantly different.  [United

21 States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988).]

22        The Material Witness should not be detained indefinitely because his testimony can be

23 adequately secured by deposition.  In terms of what the Material Witness can testify, this is a routine

24 alien-smuggling case.  Based on interviews with the Material Witness and the reports submitted by

25 the arresting agency, the facts to which the Material Witness is competent to testify are straight-

26 forward.  (See paragraph 6 of the declaration of Attorney Ned Lynch submitted with these points and

27 authorities.)

28

1    The Material Witness has no criminal charges pending against his relating to this matter, and

2    he has already spent a considerable amount of time in custody (almost 5 weeks by the motion

3    hearing).  Despite the efforts of the Material Witness and his counsel to locate a potential surety,

4    there is no one who legally resides in the United States who is willing and able to post a court bond

5    for this witness.  The Material Witness is enduring emotional and mental hardships from his

6    indefinite incarceration without being charged with a crime.  (See paragraphs 3 and 4 of the

7    declaration of Attorney Ned Lynch submitted with these points and authorities.)

8    Moreover, the Material Witness and his counsel have not been informed by any party to this

9    case of a specific reason why further detention of the witness is necessary *to prevent a failure of*

10    *justice*.  (See paragraph 5 of the declaration of Attorney Ned Lynch submitted with these points and

11    authorities.)

12    **The Material Witness In NOT Required To Show Exceptional Circumstances Or**

13    **Hardship Exist For The Court To Order The Videotaped Deposition**

14    Under **Rule 15(a)(1)** a party must establish exceptional circumstances exist if the party wants

15    to take the deposition of a witness.  A person designated as material witness is not a party to the case.

16    Neither party to this case--the government or the defendant--is moving the court for this deposition.

17    This motion is brought by the material witness only.

18    Under **Rule 15(a)(2)** a witness may bring a motion to take his or her deposition without any

19    showing of exceptional circumstances, or hardship.  Federal Rules of Criminal Procedure, Rule 15.

20    The material witness has proffered facts through his attorney's declaration regarding the

21    hardships he is enduring during his indefinite incarceration only to remind the court and the parties

22    that an uncharged person remains in custody, and that incarceration has real impact on the Material

23    Witness and any other people close to his.  These facts are not being offered to show exceptional

24    circumstances exist to order the deposition, because no such showing is required.

25    The court must grant the motion for the Material Witness to be deposed even if no

26    exceptional circumstances exist.

27    *///*

28

U.S. v. William Navarro, et al., Case No. 08CR1278DMS
Material Witness' P's & A's for a Videotaped Deposition

**Conclusion**

The Material Witness requests the court grant his motion set his videotaped deposition so he can be released from custody immediately thereafter.

Dated: April 29, 2008

S/Ned Lynch
Ned Lynch, Attorney for the Material Witnesses
E-mail: nedlynch@aol.com

1

## Exhibit A
## Sample Draft Of The Order

2

3

4

5    **United States District Court**

6    **Southern District of California**

7  | UNITED STATES OF AMERICA, | ) | Criminal Case No. _____ |

8  |     Plaintiff, | ) | **Deposition Order For A Material Witness** |

9  |     v. | ) |

10 | _____, | ) |

11 |     Defendant. | ) |

12 | _____ | ) |

13        Upon motion of material witness _____ [the "Material Witness"],

14    by and through his attorney, Ned Lynch, by the appearance of the parties and their respective

15    counsel, and apparent good cause:

16                                              **Order**

17        1.      Unless he is otherwise released from custody of the U.S. Marshal, the Material

18    Witness shall be deposed on _____, at _____ a.m/p.m. The deposition

19    will be held at the U.S. Attorney's Office in San Diego, California.  An employee of the U.S.

20    Attorney's Office shall serve as the videotape operator.

21        2.      All parties shall attend the deposition.  A U.S. Marshal or other designated

22    government agent(s) shall bring the Material Witness to the deposition.  If the defendant is in

23    custody, he or she shall be brought separately to the deposition.  A marshal or other government

24    agent(s) shall remain present during the entire proceeding.

25        3.      The United States Attorney's Office shall arrange for a court-certified interpreter to

26    be present for the Material Witness, if necessary.  The cost of the interpreter for the Material Witness

27    will be borne by the United States.  See 28 U.S.C. § 1827(c)(2).

28

U.S. v. Willian Navarro, Case No. 08CR1278DMS
Order for the Videotaped Deposition of a Material Witness    **EXHIBIT A**                    Page 5 of 8

1    4.    If a defendant needs an interpreter independent of the Material Witness' interpreter

2 (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a

3 separate interpreter shall be paid by the court.

4    5.    The U.S. Attorney's Office shall arrange for a certified court reporter to be present.

5 The court reporter shall stenographically record the testimony and serve as a notary and preside at

6 the deposition in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be

7 borne by the U.S. Attorney's Office.

8    6.    The deposition shall be recorded by videotape. Prior to the conclusion of each

9 deposition, the deponent, or a party, may elect to have the deponent review the videotape record of

10 his deposition and to note any changes. Any errors or changes, and the reasons for making them,

11 shall be stated in writing and such writing shall be signed by the deponent.

12    7.    The videotape operator shall select and supply all equipment required to videotape

13 and audiotape the deposition and shall determine all matters of staging and technique, such as

14 number and placement of cameras and microphones, lighting, camera angle, and background.

15 He/she shall determine these matters in a manner that accurately reproduces the appearance of the

16 deponent and assures clear reproduction of each deponent's testimony and the statements of counsel.

17 The deponent, or any party to the action, may place upon the record any objection to the videotape

18 operator's handling of any of these matters. Such objection shall be considered by the court in ruling

19 on the admissibility of the video and/or audiotape record. All such objections shall be deemed

20 waived unless made promptly after the objector knows, or has reasonable grounds to know, of the

21 basis of such objection.

22    8.    The deposition shall be recorded in a fair, impartial, objective manner. The videotape

23 equipment shall be focused on the witness; however, the videotape operator may from time to time

24 focus upon charts, photographs, exhibits or like material being shown to the witness during the

25 deposition.

26    9.    Before examination of the witness, the notary shall state on the video/audio record:

27 (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the

28

U.S. v. Willian Navarro, Case No. 08CR1278DMS
Order for the Videotaped Deposition of a Material Witness   **EXHIBIT A**                    Page 6 of 8

1    witness and the caption of the action; and (d) the identity of the parties and the names of all persons

2    present in the room.  The notary shall then swear the witness on the video record.  Further, at the

3    beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her

4    respective client on the record.  If more than one videotape is used, the notary shall repeat items (a),

5    (b) and (c) at the beginning of each new tape.

6              10.    The videotape operator shall not stop the video recorder after the deposition

7    commences until it concludes, except, however, that any party may request a cessation for a brief

8    recess, which request will be honored unless another party objects and states the basis for said

9    objection on the record.  Each time the tape is stopped or started, the videotape operator shall

10   announce the time on the record.  If the deposition requires the use of more than one tape, the end

11   of each tape and the beginning of the next shall be announced orally on the video record by the

12   operator.

13             11.    Testimonial evidence objected to shall be recorded as if the objection had been

14   overruled and the court shall rule on the objections prior to admitting that portion of the deposition.

15   The party raising the objection(s) shall be responsible for preparing a transcript for the court to

16   consider.  All objections to the evidence presented shall be deemed waived unless made during the

17   deposition.

18             12.    If requested by a party, the deposition testimony, if offered other than for

19   impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript

20   need be prepared in advance of trial, unless otherwise ordered by the court.  [See Fed. R. Civ. P.

21   32(c).]

22             13.    Copies of all exhibits utilized during the videotaped deposition shall be marked for

23   identification during the deposition and filed along with the videotape.

24             14.    At the conclusion of the deposition, the government and defense attorneys will advise

25   the material witness attorney if they intend to object to the release of the material witness.  If the

26   parties do not object to the witness' release, the government and defense attorney will immediately

27   stipulate to an order to release the material witness from custody.  The government's attorney will

28

U.S. v. Willian Navarro, Case No. 08CR1278DMS
Order for the Videotaped Deposition of a Material Witness    **EXHIBIT A**                          Page 7 of 8

1    provide the material witness with a subpoena for the trial date, a travel advance fund letter, and

2    written authorization to enter the United States to testify at trial.

3          15.      If either party objects to the release of the material witness, the objecting party must

4    immediately request in writing a hearing on the issue before the district court within a reasonable

5    time after the deposition is concluded.  At the hearing, the objecting party must be prepared to show

6    why the release of the material witness is not appropriate under 18 U.S.C. § 3144.  If, after the

7    hearing, the court decides to release the material witness, the material witness attorney should file

8    the witness release order immediately.  Again, the government's attorney must serve the witness with

9    a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United

10   States to testify at trial before the material witness is released.

11         16.      Upon request by either party, the videotape operator shall provide a copy of the

12   videotape deposition to the requesting party at the requesting party's expense.  After preparing the

13   requested copies, if any, the videotape operator shall turn the original videotape over to the notary

14   along with a certificate signed by the videotape operator attesting that the videotape is an accurate

15   and complete record of the deposition.

16         17.      The notary shall file this original tape, along with the any exhibits offered during the

17   deposition, with the court in a sealed envelope marked with the caption of the case, the name of the

18   witness and the date of the deposition.  To that envelope, the notary shall attach the sworn statement

19   that the videotape is accurate and complete record of the recorded deposition and certification that

20   the witness was duly sworn by the officer.

21         18.      To the extent that the procedures set forth herein for the videotaping vary from those

22   set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be for good cause shown as

23   allowed by F.R.Civ.P. 29.

24         19.      Unless waived by the parties, the notary must give prompt notice to all parties of the

25   filing of the videotape record of the deposition with the court pursuant to Fed.R.Civ.P. 30(f)(3).

26       **It Is So Ordered.**

27   Dated:_____      _____

                                                 United States Magistrate Judge

28